**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

RANDY WILLIAMS,                                                                                                       PLAINTIFF

v.                                                  3:14CV00127-JM-JJV

CRAIGHEAD COUNTY; *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

   1.   Why the record made before the Magistrate Judge is inadequate.

   2.   Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

   3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Randy Williams ("Plaintiff") filed his Amended Complaint (Doc. No. 6-1) pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. After careful review, the Court concludes that the Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's initial Complaint also named Craighead County and Bobby Crawford as defendants (Doc. No. 1). As that Complaint was superceded by the Amended Complaint, the Court finds it appropriate to dismiss Craighead County and Bobby Crawford from this action.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,*

2

780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff alleges that Defendants Matt Hall and Brett Duncan violated his constitutional rights by failing to provide him appropriate medical attention and by failing to provide a secure living environment (Doc. No. 6-1). He alleges that after an attack by an inmate, he was not given any medical treatment beyond aspirin (*Id.* at 4-5). For the reasons stated below, the Court concludes that Plaintiff has failed to state a cognizable claim against either defendant.

Plaintiff states that Defendant Hall is a captain at the Craighead County Detention Facility and Defendant Duncan is the jail administrator (Doc. No. 6-1 at 1). Plaintiff does not make any specific references to either defendant in his Statement of Claim. He alleges only that after an attack by an inmate, he was taken to a "detox" cell where he waited over an hour without medical attention (*Id.* at 4). Plaintiff does not allege an injury from the lack of medical attention. In order to state a successful claim for deliberate indifference to a serious medical need, a plaintiff must allege not only that a defendant knew of and disregarded excessive risks to an inmate's health, but that an injury in fact resulted from the defendant's conduct. *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff fails to allege a failure to protect claim against either defendant. A failure to protect claim is composed of two elements. First, the inmate must demonstrate that his conditions of

incarceration posed a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (U.S. 1994). Second, the inmate must demonstrate that the prison official knew of and disregarded the risk to his safety. *Id*. at 837. Here, Plaintiff does not allege that either defendant was aware of or disregarded any risk to his safety.

Finally, to the extent that Plaintiff seeks to assert a § 1983 claim based on supervisory liability against either defendant, such a claim also fails. The doctrine of *respondeat superior* does not apply to § 1983 actions, but a supervisor may still be liable if either his direct action or his failure to properly train and supervise the offending employee caused the alleged constitutional violation. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989). Plaintiff has failed to allege either direct constitutional misconduct or a failure to properly train and supervise offending employees against either defendant in the present case.

### IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Craighead County and Bobby Crawford be dismissed from this action.

2. Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1]

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Dated this 20th day of June, 2014.

```
_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE
```